### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST   )
FROM THE UKRAINE      )
IN THE MATTER OF      )  Misc. No. 05- 38
ZHULIANY        )

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged value added tax fraud.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from the Delaware Secretary of State's Office and a company that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a

foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.    By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.    To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." In Re Letter of Request from the Crown Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: *Richard G. Andrews*
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1201 Market Street
Wilmington, DE    19801
(302) 573-6277

Dated: March 9, 2005

MC 05-38



Public prosecution of Ukraine

# GENERAL PROSECUTOR'S OFFICE OF UKRAINE

01011, Kyiv-11, Riznytska St. 13/15

06. 12.2004-No 14/2-28179-04

|  | **Department of Justice**
| | **of the United States of America** |
| **To:** | **REX YOUNG** |
| | **Office of International Affairs** |
| | **Suite 800** |
| | **1301 New York Ave., N. W.** |
| | **Washington, D.C. 20005** |

### Dear Sir,

The General Prosecutor's Office of Ukraine pays its high respect to the Department of Justice of the United States of America and in conformity with the provisions of the Agreement between Ukraine and the United States of America *"On mutual legal assistance in criminal matters"*, signed on 22.07.1998, approaches with the application for legal assistance.

The Investigation Division of the Tax Militia for the State Tax Inspection in Svyatoshynsky district of Kyiv City is investigating a criminal matter **No 78-00085** on the fact of intentional tax evasion on especially large scale by officials of a firm "Public Corporation "Zhulyany", i.e. by the elements of crime, envisaged by section 3 of Article 212 of the CC of Ukraine (the circumstances of the commission of crime are stated in details in the application).

To date, the need has arisen for carrying out a number of proceedings on the territory of the United States of America, in connection with this the Investigation Division of the Tax Militia for the State Tax Inspection in Svyatoshynsky district of Kyiv City has prepared a relevant application.

The General Prosecutor's Office of Ukraine, confirming this application, is forwarding it to the Department of Justice of the United States of America with a kind request to organize the execution of this application in possible short term.

I ask you to send materials of the executed application at the address of the General Prosecutor's Office of Ukraine, with obligatory reference to No 14/2-28179-04.

-     2     -

In case you are not in a position to execute the present application, we would like you to inform the General Prosecutor's Office of Ukraine of the circumstances, preventing this.

The General Prosecutor's Office of Ukraine assures that materials, received from the United States Department of Justice will be used only during pre-trial investigation and consideration of the criminal matter at court.

Taking this opportunity, we renew our high respect to the United States Department of Justice.

Enclosure:     Application in Ukrainian and in English, in all - on 15 pages.

**Head of
International Relations Department**                    **S.F. Kravchuk**


Executed by:   Tserelenko O.I.
tel.: 573-81-39


Translator of the General Prosecutor's Office of Ukraine                  R. Mykytenko

# COMMISSION ROGATORY LETTER

To the legal division of international affairs of the Department of Justice of the USA

Concerning the rendering of the legal assistance in the investigation of the criminal case Nr. 78-00085 and under the fact of tax evasion in exceptionally big amounts against the officials of the open joint-stock company "ZHULIANY"

Ukraine applies with the request for legal assistance to the competent authorities of the USA according to the Agreement between USA and Ukraine "On the mutual aid" dated 22.07.1998.

The Investigation section of Tax Police of the State Tax Administration in Sviatoshynsky area of Kyiv city investigates the criminal case instituted under the facts of tax evasion in exceptionally big amounts against the officials of the open joint-stock company "ZHULIANY". The tax evasion is connected with groundless application of the zero rate from the value-added tax during the export to the enterprise "GILPATRIK TRADE COMPANY" of the ionic and selective electrode membranes for definition of highly digit phosphate of ions (TY Y 33.2-30190933) and, as consequence by overestimate during the period from 01.09.03 till 01.02.04 of the sum of budgetary charge of the value-added tax, declared in the tax declaration for 199899,51 UAH. The sum of that overestimation is considered the sum of tax obligation evaded from taxation.

The Investigation section of Tax Police of the State Tax Administration in Sviatoshynsky area of Kyiv city is necessary for the following information:

- the relevant documentation of the enterprise "GILPATRIK TRADE COMPANY" (SUITE 606, 1220 N MARKET STR, WILMINGTON, DE 19801) and statements of the officials of the said enterprise for clarify whether there were any contractual relations between this enterprise and private enterprise "DETROIT" (code of the unique state register of the enterprises and the organizations of Ukraine 318847705682, Ukraine, Donetsk city) and open joint stock company "ZHULIANY" (Ukraine, Kyiv city), SIA "Newbauer Holdings Riga" (Latvia) concerning the delivery at the address of the enterprise "GILPATRIK TRADE COMPANY" of the membranes ionic and selective electrode for definition of highly digit phosphate of ions (TY Y 33.2-30190933).

The investigation authority of Ukraine assures the competent authorities of the USA, that data and the information, received during performance of the inquiry, will be used only for investigation of the criminal case and its proceeding in court.

Taking into consideration that the preliminary investigation in this case should be completed during 2 months, you are kindly requested to render us the urgent assistance for realising of the present request during 2 or 3 month.

During the investigation of the criminal case it was established:

The officials of the open joint stock company "ZHULIANY" during the period from 01.09.03 till 01.02. by groundless application of the zero rate from the value-added tax during the exportation of the ionic and selective electrode membranes for definition of highly digit phosphate of ions (TY Y 33.2-30190933) and, as consequence by overestimate of the sum of budgetary charge of the value-added tax, declared in the tax declaration for 199899,51 UAH. The sum of that overestimation is considered the sum of tax obligation evaded from taxation.

Thus, the open joint stock company "ZHULIANY" (Ukraine) in the person of TOKARSKY f/n Evgen Yakovytsh and private enterprise "DETROIT" (code of the unique state register of the enterprises and the organizations of Ukraine 318847705682, Ukraine, Donetsk city), in the person of general director KUDRIAVTSEVA f/n Maryna Oleksijivna has concluded commission contracts Nr. 25/07/03M dated 28.07.2003 and Nr. 29/08/03K dated 27.08.2003 according to which the private enterprise "DETROIT" (commissioner) took up obligation for realisation of the merchandise (ionic and selective electrode membranes for definition of highly digit phosphate of ions (TY Y 33.2-30190933)) which belongs to the open joint stock company "ZHULIANY" (committent), outside of customs territory of Ukraine on its own behalf but due to committent.

In one's turn the private enterprise "DETROIT" (seller) has concluded a contract with the enterprise "GILPATRIK TRADE COMPANY" (USA) regarding purchasing-selling of the merchandise (ionic and selective electrode membranes for definition of highly digit phosphate of ions TY Y 33.2-30190933. For the purpose to made a payments the private enterprise "DETROIT" has concluded the bail contracts with SIA "NEWBAUER HOLDINGS RIGA " (Bail, Latvia) and "GILPATRICK TRADE COMPANY" (debtor, USA) according to which the Bail answers before the Creditor for execution by the Debtor of all obligations.

In the actions of the officials of the open joint stock company "ZHULIANY" there are indications of crime stipulated by the art. 212 p.3 of the Criminal code of Ukraine.

### Article 212. Evasion of taxes, duties and other mandatory payments.

1. Deliberate evasion of taxes, duties and other mandatory payments, that are part of taxation system, introduced in accordance with the legislation, pursued by the official of an enterprise of any ownership form, or pursued by an entrepreneur, who is not a legal entity, or pursued by any tax-payer, which entailed non-delivery of the defined payments into the state budget, or state target funds, -

    - *will be penalized by a fine amounting to 300 - 500 non-taxed citizen's income minimums or by disqualification to hold specific positions, or disqualification to perform specific activities for the period of up to 3 years.*

2. The same actions, pursued by a group of people in pre-collusion, or if they entailed actual non-delivery of big size payments to the state budget or the state target funds, -

    - *will be penalized by a fine amounting to 500 - 2000 non-taxed citizen's income minimums, or by corrective labor for the term of up to two years, or by imprisonment for the term of up to five years with disqualification to hold certain positions or perform certain activities for the period of up to three years.*

3. Actions, stipulated by Parts 1 or 2 of the present Article, pursued by a previously convicted person with the charges of evading taxes, duties or other mandatory payments, or if they caused failure in delivering payments to the state budget, state target funds in exceptionally big amounts, -

- *will be penalized by imprisonment for the term of 5 - 10 years with disqualifying to hold certain positions or perform certain activities for the period of up to 3 years and with expropriation of property.*

4. The person, who is the first offender of regulations of Part 1 and 2 of the present Article, is exempted from criminal liability, if prior to the trial he/she pays taxes, duties (mandatory payments) and covers the losses, inflicted on the state by outdated payments (financial sanctions, penalties).

*Comment*: "Considerable amounts of taxes" means the amounts of mandatory payments, that are thousand and more times higher than the legislatively determined citizen's income minimum; "Big amounts of taxes" means the payments, that are three thousand and more times higher, than the legislatively determined citizen's income minimum; "Exceptionally big amounts of taxes" means the payments, that are five thousand and more times higher, than the legislatively determined citizen's income minimum".

## INFORMATION ABOUT THE COMPANIES IMPLICATIONS

**The data about the open joint stock company "ZHULIANY"**: the code of the unique state register of the enterprises and the organizations of Ukraine 04012170, juridical address: 9, Yakutska str., Kyiv city, Ukraine;

**The data about the enterprise "GILPATRIK TRADE COMPANY"**: (SUITE 606, 1220 N MARKET STR, WILMINGTON, DE 19801);

**The data about the private enterprise "DETROIT"**: code of the unique state register of the enterprises and the organizations of Ukraine 318847705682, Dobrovolskogo str. 3/23, Donetsk city, Ukraine.

## NECESSARY HELP

1. To establish the real whereabouts of the enterprise "GILPATRIK TRADE COMPANY" (SUITE 606, 1220 N MARKET STR, WILMINGTON, DE 19801).

2. To establish the officials of the enterprise "GILPATRIK TRADE COMPANY" (SUITE 606, 1220 N MARKET STR, WILMINGTON, DE 19801) who works and has worked during 2003 and interrogate them as witnesses on the following questions:

   - whether there were any financial-economic relations between the enterprise "GILPATRIK TRADE COMPANY" (SUITE 606, 1220 N MARKET STR, WILMINGTON, DE 19801) and open joint stock company "ZHULIANY" (the code of the unique state register of the enterprises and the organizations of Ukraine 04012170, Ukraine, Kyiv) and the private enterprise "DETROIT" (code of the unique state register of the enterprises and the organizations of Ukraine 318847705682, Ukraine, Donetsk) and SIA "Newbauer Holdings Riga"? If yes – which documents may confirm this?

   - How was effectuated the customs registration of the received ionic and selective electrode membranes for definition of highly digit phosphate of ions (TY Y 33.2-30190933-001-2003), which were exported on the basis of custom's cargo declarations (Nr.Nr. 70000/3/213335,

4

7000/3/213333, 70000/3/211915, 70000/3/211913)? Who received this cargo and where was delivered this cargo for storage? (The copies of the custom's cargo declarations Nr./Nr. 70000/3/213335, 7000/3/213333, 70000/3/211915, 70000/3/211913 please find in enclosure).

3. To demand the duly certified copies of documents at the competent authorities of USA which carry out the control of the cargo's import at the custom territory of the USA and its custom's registration that attest and confirm the fact of the delivery of the ionic and selective electrode membranes for definition of highly digit phosphate of ions TY Y 33.2-30190933-001-2003 to the customs territory of the USA and also customs clearing and registration, place of storage, and the documents that testify about the fact of receiving of this cargo with indication the data of the enterprise which received this cargo. In case if this cargo was not delivered on the customs territory of the USA or rested not demanded you are kindly requested to send us the answer of the competent authority of the USA.

4. To seize the copies of the documents at the enterprise "GILPATRIK TRADE COMPANY" (SUITE 606, 1220 N MARKET STR, WILMINGTON, DE 19801) that testify about the financial-economic relations with the open joint stock company "ZHULIANY" (the code of the unique state register of the enterprises and the organizations of Ukraine 04012170, juridical address: Kyiv city, Ukraine), the private enterprise "DETROIT": code of the unique state register of the enterprises and the organizations of Ukraine 318847705682, Donetsk city, Ukraine and SIA "Newbauer Holdings Riga".

## PROCEDURE OF PERFORMANCE OF INQUIRY:

Concerning the carrying out of the necessary interrogations and preparation of the results of interrogations, it is necessary to address to the corresponding authorities of the USA with the request to carry out the following:

1. To start the interrogation the witness and ascertain his name, address, date and place of birth and explain him the right of the witness, namely that witness may the right to testify in his native language he easily speaks; use the interpreter; to declare the removal to the interpreter; to know why he interrogates; to state with own hand the statements in the transcript of interrogation; use the notations and documents during the statements in cases when these statements concern any calculations that difficult to remember; to read the transcript of interrogation and to solicit to make a changes, additions and remarks; to make with own hand these additions and remarks.

2. To inform the witness that he is not bound to answer the questions concerning himself, members of his family or relatives. He also must be informed that he could be brought to the criminal responsibility for untruthful answers for all the questions. To explain to witness in which case he interrogates.

3. To put the questions for which it is necessary to receive the answers.

4. To register officially all the information in the form of transcript of interrogation. The transcript of interrogation should contain: personal data provided by witness; indication that competent authority of the USA informed the witness that he could not give the answers for questions regarding himself, members of his family or relatives and that answers for all others questions must be truthful, otherwise he could be brought to the criminal

5

responsibility; given questions and answers.

5. To read to witness the questions and answers that were noted or to ask the witness to read himself all noted questions and answers.

6. To indicate at the transcript of interrogation, whether the representative of the competent authority of the USA read out questions and answers or the witness read on one's own the transcript of interrogation.

7. The person who testified as the witness should sign each sheet of the transcript of interrogation of the witness. After that the transcript of interrogation subscribes by the representative of competent authority of the USA who carried out this interrogation.

## CONTACT PERSONS

In case of any questions may arise concerning the fulfilment of this Commission rogatory letter you are kindly requested to contact with the chief of the Investigation section of Tax Police of the State Tax Administration in Sviatoshynsky area of Kyiv city OMELTSHENKO f/n Oleksandr Andrijovytch or with investigator of Investigation section Tax Police of the State Tax Administration in Sviatoshynsky area of Kyiv city TSHYSTIUKHIN f/n Vitaly Petrovytsh, tel.: +38.044.456.44.05, +38.044.456.04.91, fax: + 38.044.458.00.03.

The obtained documents during the fulfilment of the present Commission rogatory letter please send at the address: 15-a, alleyway Tshuguevsky, Kyiv city, 03067, Ukraine, Investigation section of Tax Police of the State Tax Administration in Sviatoshynsky area of Kyiv city.

Annex: Please find enclosed the copies of the custom's cargo declarations Nr./Nr. 70000/3/213335, 7000/3/213333, 70000/3/211915, 70000/3/211913 in 4 sheets.

**Chief of the Investigation section of
Tax Police of the State Tax Administration in
Sviatoshynsky area of Kyiv city**          *(signature)*                    **Omeltshenko O.A.**

*Translated by SYTNIK Bogdan
Investigation Department of Tax Police
of the State Tax Administration of Ukraine
tel. (+380.44) 212.40.67*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST     )
FROM THE UKRAINE            )
IN THE MATTER OF            )  Misc No. 05- 38
ZHULIANY                   )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall

be required);

       3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

       4. seek such further orders of this Court as may be necessary to execute this request; and

       5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

       IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.


       Dated:  This _____ day of _____, 2005.


                    _____

                    United States District Court Judge

2